Dear Messrs. Simoneaux Harroun:
Your two opinion requests have been received by this office. In that both requests deal with similar issues concerning the Bayou Lafourche Fresh Water District, we have chosen to combine the opinions rather than issue two separate opinions.
Mr. Simoneaux's request contained the following basic question:
May the board of the Bayou Lafourche Fresh Water District collect per diem payments of $50.00 for all work done for the district or are those payments limited to regular and special board meetings.
The statutes pertinent to this question are as follows:
The enabling act for the Bayou Lafourche Fresh Water District is Act 113
of 1950 which provides in part:
"The members so selected and appointed shall meet within thirty days after the appointment last made. They shall elect a chairman, a vice chairman and a secretary-treasurer, and said board may employ such other employees as may be necessary, and fix their respective salaries. The board members may also fix the per diem and mileage allowed to its members, which may not exceed that paid to police juries. (emphasis added)
The statute providing for the compensation of police jurors is La. R.S.33:1233 which states in section (2)(a) as follows:
"Members of the police juries are authorized to receive compensation not to exceed fifty dollars per day and the same mileage allowance as provided to state elected officials going to and from the courthouses in their respective parishes for every day they are actually employed in the service of the parish and for travel outside of the parish on parish business. Mileage shall be charged for each day of attendance at each session of the police jury to be paid out of funds of the several parishes on the warrant of the president, provided however, that if a juror has the use of a parish owned vehicle for the conduct of official business, the mileage compensation shall not be paid."
This statute also contains limitations on annual compensation which are not relevant to this opinion. The compensation of the members of the Fresh Water District Board is controlled by the Police Jury compensation statute.
In previous opinions of the Attorney General dated, July 17, 1942, August 4, 1943 and August 13, 1943 (opinions 1942-44, p. 1163 1164) we stated that per diems of police jurors were payable for meetings and other work performed for the parish, thereby not limiting per diem payments to attendance at meetings. In those opinions we also stated that mileage could only be collected for attendance at police jury meetings but not for other work such as inspecting roads and bridges. The statute in question has been amended since those opinions were issued and it now authorizes mileage "for travel outside of the parish on parish business." With the exception of the amendment to R.S. 33:1233 our opinion remains the same and can be stated as a general rule as follows: Police Jurors (and therefore Fresh Water District Commissioners) may be compensated by per diem for each day of attendance at meetings of the District. They may be compensated for other work done for the (District) by per diem. They may receive mileage reimbursement for attendance at meetings and for travel outside of the parish on parish business. They may not receive mileage for other work done for the (District) performed in the parish, such as inspection tours. This opinion insofar as it disallows mileage payments for in parish business, other than attendance at meetings is in conflict with our opinion numbered 81-135. That opinion is modified to reflect the views expressed herein. The police jury compensation statute, R.S. 33:1233 does not limit per diem payments to meetings only. However, this principle does not license payment for anything and everything.
We next address the questions asked by the Legislative Auditor in combined opinion request 91-589. In that request, the following pertinent information is stated with regard to the Bayou Lafourche Fresh Water District:
"Instead of employing a chief executive officer and/or director, the Board Administers to the needs and functions of the District through a system of committees and/or subcommittees upon which the Board members serve. In addition, the Board employs approximately thirteen employees."
The questions of the Legislative Auditor are as follows:
(1) Is a subcommittee meeting of the Board (the Equipment Committee) at the District's pump house, to inspect the equipment subject to the state's Open Meetings Law.
Yes. La. R.S. 42:4.2(2) includes a subcommittee of a special district board in its definition of a "public body", therefore, the notice requirements of R.S. 47:7 and the written minutes requirements of R.S. 42:7.1 apply to the meeting of the equipment subcommittee of the Bayou Lafourche Fresh Water District.
(2) Can the Board members who attend the Equipment Committee Meeting receive a per diem payment and mileage for their attendance.
Per diems may be paid for attendance at subcommittee meetings. Unless the meeting is held at the district's permanent meeting place, mileage may not be paid.
(3) Are Board member's per diem payments and mileage payments for committee and subcommittee meetings contingent upon compliance with the Open Meetings Law.
No. The District and its committees and subcommittees are under a legal obligation to obey the Open Meetings Law. Sanctions are provided for violation thereof, such as voidability, contained in R.S. 42:9 and mandamus and injunction contained in R.S. 42:11. Non payment of per diem is not a sanction.
(4) In your next question you state that the District constructed a mechanical water gate on the Theriot Canal, a tributary connected to Bayou Lafourche. You further state that one of the Board Members made several visits to the gate for purposes of:
1. Opening it for hunters.
2. Inspecting the water levels and gate operation;
3. Performing maintenance work or inspecting maintenance work being performed on the gate, and
4. Adjusting water flow through the gate.
In addition, some Board members tour bayous and inspect the marsh buggy. You further state that while these board members have not officially been hired as employees of the Board, they are doing the work of hired employees. These Board members are receiving per diems for each day they performed the above functions. You ask if these per diems are permissible and further ask if there has been a violation, direct or indirect of La. R.S. 42:64, a part of Louisiana's dual office holding law. This statute would prohibit a District Commissioner from being hired as a District employee. Dual Office Holding questions are strictly construed. The member in question is not an employee of the District, but is a commissioner. We prefer to address the issue in another way. There is no dual office holding violation. However, when a District Commissioner performs the work of an employee, of which there are 13, such as the examples cited in 1-4 above, that Commissioner should not receive per diem payments.
The Fresh Water District has 13 employees to perform the functions of opening gates and inspecting water levels. These employees are presumably paid to perform this work. A board member should not receive a per diem to perform the work of an employee. If the Board has a secretary typist and a Commissioner goes to the office to type a letter or answer a phone call should he receive a per diem? In our opinion he should not. Per diems are for the work of a commissioner, work that is not being performed or capable of performance by an employee on the payroll. We are informed that the District, by resolution, delegated the task of operating the above referenced gate to a certain member. This was done because the situation called for the exercise of a commissioner's discretion and judgment in deciding when the gate should be opened. In situations as this, where a commissioner's discretion is required, per diem payments are justified.
On this subtopic you further ask if per diems are payable to Commissioners for attendance at meetings of other organizations such as levy districts and parish councils and also state that on occasion, these meetings are more of a social function. The answer to this question depends upon the event and this would call for a case by case analysis which is beyond the scope of this opinion. If a per diem is charged it should be for attendance at a purely business function of importance to the District.
(5) You next ask if Commission members can be reimbursed for travel and meal expenses other then mileage.
There is no state statute authorizing reimbursement for meals for these commission members and we know of no rule or regulation adopted by the Board authorizing such reimbursement. Absent such an authorization by statute or rule these payments are improper. We note that these reimbursements were apparently authorized by the full commission, however, this does not change the need for statutory authorization. This opinion does not address the Board's longstanding practice of paying for its member's annual luncheon meeting, which practice has not been questioned by the legislature auditor.
Your final question asks if the Board could, under its current legislation, vote to be compensated on a $250.00 per month salary basis in lieu of the per diem method.
In our opinion this would not be permitted. La. R.S. 33:1233(A)(2)(b)(ii) authorizes police jurors to elect to receive a salary; Act 113 of 1950, as amended, does not. Act 113 refers to per diem only, for members of the Bayou Lafourche Fresh Water District, therefore, a salary would not be allowed.
We also note that the Lafourche Fresh Water District has, by board resolution; established limitations on the numbers of meetings per month and the collection of per diems. This resolution binds the Board to the terms thereof as long as those terms are consistent with state law.
Trusting the above has been helpful to your inquiry, we remain,
Sincerely,
 RICHARD P. IEYOUB. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR:vls 0458e